Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email:     dawniell.zavala@hro.com

Attorneys for Plaintiffs,
SONY BMG MUSIC ENTERTAINMENT;
ARISTA RECORDS LLC; INTERSCOPE
RECORDS; BMG MUSIC; UMG RECORDINGS,
INC.; and WARNER BROS. RECORDS INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; BMG MUSIC, a New York general partnership; UMG RECORDINGS, INC., a Delaware corporation; and WARNER BROS. RECORDS INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>BRITTANY RAQUEL GRAY,<br><br>                    Defendant. | CASE NO. C 07-04854 WDB<br><br>The Honorable Wayne D. Brazil<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT BY THE COURT AGAINST DEFENDANT BRITTANY RAQUEL GRAY**<br><br>Date:    September 10, 2008<br>Time:    1:30 p.m.<br>Place:   Courtroom 4, 3rd Floor |

# **TABLE OF CONTENTS**

I.    SUMMARY OF RELEVANT FACTS .................................................................. 1

II.   ARGUMENT ................................................................................................. 2

      A.    Legal Standard ..................................................................... 2

      B.    Default Judgment Against Defendant Is Warranted And Appropriate ........ 2

            1.    Plaintiffs Have Stated A Sufficient Claim For Relief ...................... 3

            2.    The Monetary Judgment Requested By Plaintiffs Is Reasonable ........ 4

            3.    Plaintiffs Will Be Prejudiced If Relief Is Denied ......................... 5

            4.    There Is No Possibility of Any Disputes Concerning Material Facts ...... 6

            5.    Default Did Not Result From Excusable Neglect ........................ 6

            6.    Public Policy Warrants The Entry of a Default Judgment ............... 6

III.  PLAINTIFFS ARE ENTITLED TO A PERMANENT INJUNCTION, STATUTORY
      DAMAGES AND COSTS ............................................................................. 7

      A.    Plaintiffs Are Entitled to Statutory Damages ............................... 7

      B.    Plaintiffs Are Entitled To A Permanent Injunction ......................... 8

            1.    Plaintiffs Will be Irreparably Harmed If A Permanent Injunction is Not Issued
                  to Enjoin Defendant's Wrongful Conduct .......................... 9

            2.    A Permanent Injunction Will protect the Public's Interest In Upholding
                  Copyright Protections ......................................... 10

            3.    The Requested Injunction Is Specific In Nature And Reasonably Seeks To
                  Protect All Of Plaintiffs' Existing And Future Copyrights ........... 11

      C.    Plaintiffs Are Entitled To Their Costs ................................... 13

IV.   AN EVIDENTIARY HEARING IS NOT NECESSARY HERE BECAUSE THE
      DAMAGES PLAINTIFFS SEEK ARE EASILY ASCERTAINABLE ................ 13

V.    CONCLUSION ............................................................................. 14

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST BRITTANY RAQUEL GRAY
CASE NO. C 07-04854 WDB

#38878 v1

# TABLE OF AUTHORITIES

**Case**                                                     **Page**

## FEDERAL CASES

*A&M Records, Inc. v. Napster, Inc.*,

    114 F. Supp. 2d 896 (N.D. Cal. 2001) ........................................................9, 10

*A&M Records, Inc. v. Napster, Inc.*,

    239 F.3d 1004 (9th Cir. 2001) ........................................................10

*A&N Music Corp. v. Venezia*,

    733 F. Supp. 955 (E.D. Penn. 1990) ........................................................13, 14

*In re Aimster Copyright Litigation*,

    334 F.3d 643 (7th Cir. 2003) ........................................................10

*Aldabe v. Aldabe*,

    616 F.2d 1089 (9th Cir. 1980) ........................................................2

*Apple Computer, Inc. v. Franklin Computer Corp.*,

    714 F.2d 1240 (3d Cir. 1983) ........................................................12

*Atari Inc. v. North America Philips Consumer Electric Corp.*,

    672 F.2d 607 (7th Cir. 1982), *cert. denied*, 459 U.S. 880, 103 S. Ct. 176 (1982) ............12

*Autoskill Inc. v. National Education Support System, Inc.*,

    994 F.2d 1476 (10th Cir. 1993), *cert. denied*, 510

    U.S. 916, 114 S. Ct. 307 (1993) ........................................................11

*Basic Books, Inc. v. Kinko's Graphics Corp.*,

    758 F. Supp. 1522 (S.D. N.Y. 1991) ........................................................12

*CJC Holdings, Inc. v. Wright & Lato, Inc.*,

    979 F.2d 60 (5th Cir. 1992) ........................................................11

*Cablevision System N.Y. City Corp. v. Lokshin*,

    980 F. Supp. 107 (E.D.N.Y. 1997) ........................................................13

*Canopy Music, Inc. v. Harbor Cities Broad. Inc.*,

    950 F. Supp. 913 (E.D. Wis. 1997) ........................................................12

i

1  *Century ML-Cable Corp. v. Diaz,*

2      39 F. Supp. 2d 121 (D.P.R. 1999)...................................................................13

3  *Claremont Flock Corp. v. Alm,*

4      281 F.3d 297 (1st Cir. 2002)......................................................................11

5  *Clifton v. Tomb,*

6      21 F.2d 893 (4th Cir. 1927) ......................................................................15

7  *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.,*

8      259 F.3d 1186 (9th Cir. 1997), *cert. denied* 534

9      U.S. 1127, 112 S. Ct. 1063 (2002)............................................................8

10 *Cross Keys Publ'g Co., Inc. v. Wee, Inc.,*

11     921 F. Supp. 479 (W.D. Mich. 1995) ..............................................13, 14

12 *D.C. Comics Inc. v. Mini Gift Shop,*

13     912 F.2d 29 (2d Cir. 1990).........................................................................5

14 *Davis v. Fendler,*

15     650 F.2d 1154 (9th Cir. 1981) ..................................................................14

16 *Discovery Communications, Inc. v. Animal Planet, Inc.,*

17     172 F. Supp. 2d 1282 (C.D.Cal. 2001) .................................2, 3, 4, 11, 13, 14

18 *Eitel v. McCool,*

19     782 F.2d 1470 (9th Cir. 1986) ....................................................................2

20 *Geddes v. United Finance Group,*

21     559 F.2d 557 (9th Cir. 1977) .....................................................................2

22 *Getaped.com, Inc. v Cangemi,*

23     188 F. Supp. 2d 398 (S.D.N.Y. 2002).........................................................5

24 *Jackson v. Sturkie,*

25     255 F. Supp. 2d 1096 (N.D.Cal. 2003) ...........................................4, 5, 10, 11

26 *Jobette Music Co., Inc. v. Hampton,*

27     864 F. Supp. 7 (S.D. Miss. 1994)..............................................................13

28 *Johnson Controls, Inc. v. Phoenix Control Systems, Inc.,*

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST BRITTANY RAQUEL GRAY
CASE NO. C 07-04854 WDB
#38878 v1

886 F.2d 1173 (9th Cir. 1989) ...................................................................9

*Johnson v. Kakvand*,

192 F.3d 656 (7th Cir. 1999) .................................................................11

*Los Angeles News Serv. v. Reuters Television International, Ltd.*,

149 F.3d 987 (9th Cir. 1998), *cert. denied*

525 U.S. 1141, 119 S. Ct. 1032 (1999)..............................................4, 8

*MAI Systems Corp. v. Peak Computer, Inc.*,

991 F.2d 511 (9th Cir. 1993) ...................................................................9

*Micro Star v. Formgen, Inc.*,

154 F.3d 1107 (9th Cir. 1998) .................................................................9

*Microsoft Corp. v. Wen*,

2001 WL. 1456654 ...................................................................................5

*Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.*,

725 F.2d 1 (1st Cir. 1983)........................................................................5

*Olan Mills, Inc. v. Linn Photo Co.*,

23 F.3d 1345 (8th Cir. 1994) .................................................................12

*Orth-O-Vision, Inc. v. Home Box Office*,

474 F. Supp. 672 (S.D. N.Y. 1979)........................................................12

*Ortiz-Gonzalez v. Fonovisa*,

277 F.3d 59 (1st Cir. 2002)......................................................................5

*PepsiCo., Inc. v. Cal. Sec. Cans*,

238 F. Supp. 2d 1172 (C.D.Cal. 2002) ..................................2, 3, 5, 6, 7, 11

*PepsiCo v. Triunfo-Mex, Inc.*,

189 F.R.D. 431 (C.D.Cal. 1999)..................................................2, 3, 11

*Perfect 10, Inc., v. Talisman Committee Inc.*,

2000 WL. 364813 .....................................................................................5

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST BRITTANY RAQUEL GRAY
CASE NO. C 07-04854 WDB
#38878 v1

*Picker International Corp. v. Imaging Equip. Serv., Inc.*,

    931 F. Supp. 18 (D. Mass. 1995), *aff'd*, 94 F.3d 640 (1st Cir. 1996) ...............................12

*Princeton University Press v. Michigan Document Serv., Inc.*,

    99 F.3d 1381 (6th Cir. 1996), *cert. denied*, 520

    U.S. 1156, 117 S. Ct. 1336 (1997)....................................................................................12

*In re Roxford Foods, Inc.*,

    12 F.3d 875 (9th Cir. 1993) ...............................................................................................14

*Securities & Exch. Commission v. McNulty*,

    137 F.3d 732 (2d Cir. 1998), *cert. denied*, 525

    U.S. 931, 119 S. Ct. 340 (1998).........................................................................................11

*Sega Enterprises Ltd. v. Maphia*,

    948 F. Supp. 923 (N.D.Cal. 1996) .......................................................................................9

*Sony Music Entertainment, Inc. v. Global Arts Prod.*,

    45 F. Supp. 2d 1345 (S.D.Fla. 1999) .....................................................................10, 11, 12

*Televideo System, Inc. v. Heidenthal*,

    826 F.2d 915 (9th Cir. 1987) .......................................................................................2, 4, 6

*Universal City Studios v. Reimerdes*,

    111 F. Supp. 2d 294 (S.D.N.Y. 2000), *aff'd*, 273 F.3d 429 (2d Cir. 2001) .......................10

*Wilson v. Moore & Associate, Inc.*,

    564 F.2d 366 (9th Cir. 1977) .............................................................................................14

*Weintraub/Okun Music v. Atlantic Fish & Chips, Inc.*,

    1991 WL. 34713, 90 C 4938 (N.D. Ill. Mar. 13, 1991)....................................................13

*Zeon Music v. Stars Inn Lounge, Ltd.*,

    1994 WL. 163636, 92 C 7607 (N.D. Ill. Apr. 28, 1994) ..................................................13

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST BRITTANY RAQUEL GRAY
CASE NO. C 07-04854 WDB
#38878 v1

# FEDERAL STATUTES

17 U.S.C. § 102 ................................................................................................................3

17 U.S.C. § 106 ................................................................................................................3

17 U.S.C. § 501 ................................................................................................................3

17 U.S.C. § 502 .......................................................................................................1, 2, 9

17 U.S.C. § 504 .......................................................................................................4, 7, 8

17 U.S.C. § 505 .............................................................................................1, 2, 4, 5, 13

Copyright Act of 1976, 17 U.S.C. Section 101, *et seq* ...................................................1

# FEDERAL RULES

Fed. R. Civ. P. 8 ..............................................................................................................7

Fed. R. Civ. P. 54 ............................................................................................................7

Fed. R. Civ. P. 55 ...................................................................................................1, 7, 14

# TREATISES

Schwarzer, W. *et al.*, <u>California Practice Guide, Federal Civil Procedure Before Trial,</u>

    6:42(2000)......................................................................................................15

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST BRITTANY RAQUEL GRAY
CASE NO. C 07-04854 WDB
#38878 v1

<u>**NOTICE OF MOTION FOR DEFAULT JUDGMENT**</u>

**TO DEFENDANT:**

 **PLEASE TAKE NOTICE** that on September 10, 2008, 1:30 p.m. in Courtroom 4, 3rd Floor, or as soon thereafter as this matter may be heard by the above-entitled Court, located at 1301 Clay Street, Oakland, CA,  94612, Plaintiffs will present their application for default judgment against Defendant Brittany Raquel Gray ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2).  The clerk has previously entered the default of Defendant on June 4, 2008.

 This Application is brought on the ground that Defendant has not appeared in this action. Plaintiffs seek the following Judgment against Defendant: (1) minimum statutory damages for each of the eight (8) infringements alleged in the First Amended Complaint ("Complaint") in the amount of $6,000.00, (2) a permanent injunction in the form sought in the Complaint pursuant to Section 502 of the Copyright Act, and (3) costs in the amount of $420.00 pursuant to Section 505 of the Copyright Act.

<u>**MOTION FOR DEFAULT JUDGMENT**</u>

**I.  SUMMARY OF RELEVANT FACTS**

 Plaintiffs are recording companies that brought suit against Defendant pursuant to the Copyright Act of 1976, 17 U.S.C. Section 101, *et seq*. ("Copyright Act"), for the infringement of, among others, Plaintiffs' eight copyrighted sound recordings.  Declaration of Dawniell Alise Zavala ("Zavala Decl."), Exh. 1 (Complaint, ¶¶ 16-17 and Exh. A).  Among the rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce their respective copyrighted sound recordings ("Copyrighted Recordings") and to distribute them to the public.  Zavala Decl., Exh. 1 (Complaint, ¶ 13).  As of February 14, 2007, Defendant had used, and continued to use, an online media distribution system to download Plaintiffs' Copyrighted Recordings and/or distribute the Copyrighted Recordings to the public.  Zavala Decl., Exh. 1 (Complaint, ¶ 16).  In doing so, Defendant has infringed upon Plaintiffs' copyrights and has violated Plaintiffs' exclusive rights of reproduction and distribution.  *Id.*

 The Summons and Complaint were served on Defendant on February 24, 2008, by personal service.  Zavala Decl., ¶ 10.  Defendant has failed to answer or otherwise appear in this action.

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST BRITTANY RAQUEL GRAY
CASE NO. C 07-04854 WDB
#38878 v1

1    Zavala Decl., ¶ 11.  As a result, the Clerk of the Court entered Defendant's default on June 4, 2008,

2    and Defendant was notified thereof on June 5, 2008.  Zavala Decl., ¶¶ 13-14, Exhs. 3 and 4.

3    Plaintiffs are informed and believe that Defendant is not a minor, and is neither incompetent nor in

4    active military service.  Zavala Decl., ¶ 15, Exh. 5.

5         By this application, Plaintiffs respectfully request that the Court enter default judgment

6    against Defendant for: (1) the minimum statutory damages for each of the eight (8) infringements

7    alleged in the Complaint in the amount of $6,000.00, (2) a permanent injunction pursuant to Section

8    502 of the Copyright Act, and (3) costs in the amount of $420.00 pursuant to Section 505 of the

9    Copyright Act.

10   **II.    ARGUMENT**

11        **A.    Legal Standard**

12        For purposes of a default judgment, the well-pled allegations of the complaint are taken as

13   true.  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987).  If the court determines

14   that a defendant is in default, the defendant's liability is collectively established and the factual

15   allegations in the complaint, except those relating to damages, are accepted as true.  *Geddes v.*

16   *United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).  The power to grant or deny relief upon an

17   application for default judgment is within the discretion of the Court.  *Aldabe v. Aldabe*, 616 F.2d

18   1089, 1092 (9th Cir. 1980).

19        **B.    Default Judgment Against Defendant Is Warranted And Appropriate**

20        When determining whether to grant default judgment, courts are instructed to consider the

21   following factors: (1) the substantive merit of the plaintiff's claims, (2) the sufficiency of the

22   complaint, (3) the amount of money at stake, (4) the possibility of prejudice to the plaintiff if relief is

23   denied, (5) the possibility of disputes to any material facts in the case, (6) whether default resulted

24   from excusable neglect, and (7) the public policy favoring resolution of cases on the merits.  *Eitel v.*

25   *McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *accord PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.

26   Supp. 2d 1172, 1174 (C.D.Cal. 2002); *Discovery Communications, Inc. v. Animal Planet, Inc.*, 172

27   F. Supp. 2d 1282, 1287 (C.D.Cal. 2001); *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432

28   (C.D.Cal. 1999).  "In applying this discretionary standard, default judgments are more often granted

than denied." *Triunfo-Mex, Inc.*, 189 F.R.D. at 432. As set forth below, each of the factors weighs in favor of granting default judgment, and, thus, Plaintiffs' application should be granted.

### 1. PLAINTIFFS HAVE STATED A SUFFICIENT CLAIM FOR RELIEF

The first two factors, which consider the substantive merit of the plaintiff's claims and the sufficiency of the complaint, essentially require that the allegations in Plaintiffs' Complaint state sufficient claims for relief. *Cal. Sec. Cans*, 238 F. Supp. 2d at 1175; *Discovery Communications, Inc.*, 172 F. Supp. 2d at 1288.

To prevail on their claim for copyright infringement under the Copyright Act, Plaintiffs must prove that Defendant violated an exclusive right of the copyright owner as provided by Section 106 of the Copyright Act, which provides, in pertinent part:

> [T]he owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; . . . (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer or ownership, or by rental, lease, or lending.

17 U.S.C. § 106. In other words, Section 106 provides the copyright owner with the exclusive right to copy or distribute copyrighted work to the public. Such work includes sound recordings. 17 U.S.C. § 102(a)(7).

Furthermore, Section 501 of the Copyright Act provides, in pertinent part, that "anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [of the Copyright Act] . . . is an infringer of the copyright or right of the author, as the case may be," and that the "legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(a)-(b).

Here, the Complaint alleges that Plaintiffs are the copyright owners or licensees of exclusive rights under copyright law to the Copyrighted Recordings; as of February 14, 2007, Defendant, without the permission of Plaintiffs, had used, and continued to use, an online media distribution system to download the Copyrighted Recordings and/or distribute the Copyrighted Recordings to the public; and the acts of infringement have been willful and intentional in disregard of and indifferent

1  to the rights of Plaintiffs.[1]  Zavala Decl., Exh. 1 (Complaint, ¶¶ 12-19).  As such, Plaintiffs have

2  sufficiently pled the elements necessary to state a copyright infringement claim against Defendant.

3  *See TeleVideo*, 826 F.2d at 917-18.

4         2.    THE MONETARY JUDGMENT REQUESTED BY PLAINTIFFS IS REASONABLE

5         The third factor– the amount of money at stake – also weighs in Plaintiffs' favor.  Here,

6  Plaintiffs are requesting the minimum statutory damages for copyright infringement pursuant to

7  Section 504 of the Copyright Act in the amount of $6,000.00, and costs pursuant to Section 505 of

8  the Copyright Act in the amount of $420.00.  Zavala Decl., ¶ 16.

9              a.    **Plaintiffs' Request for Statutory Damages Is Reasonable**

10        Section 504 of the Copyright Act provides that a copyright infringer is liable for statutory

11  damages, and that the copyright owner may elect to recover an award of statutory damages for all

12  infringements involved in the action in a sum of not less than $750 or more than $30,000, as the

13  Court considers just.  17 U.S.C. § 504(a), (c); *Los Angeles News Serv. v. Reuters Television Int'l,*

14  *Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998), *cert. denied* 525 U.S. 1141, 119 S. Ct. 1032 (1999) ("a

15  plaintiff may recover statutory damages whether or not there is adequate evidence of the actual

16  damages suffered by plaintiff or of the profits reaped by defendant, in order to sanction and vindicate

17  the statutory policy of discouraging infringement").  "Statutory damages are particularly appropriate

18  in a case, such as this one, in which defendant has failed to mount any defense or to participate in

19  discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages."  *Jackson v.*

20  *Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D.Cal. 2003).   Courts routinely award minimum statutory

21  damages (or higher) as part of default judgments in copyright infringement cases.  *See Jackson*, 255

22  F. Supp. 2d at 1103;  (granting an award higher than the statutory minimum pursuant to a motion for

23  default judgment); *Microsoft Corp. v. Wen*, 2001 WL 1456654, No. C 99-04561 MEJ, *5-6 (N.D.

24  Cal. Nov. 13, 2001) (awarding $15,000 in statutory damages for each of six infringements); *Perfect*

25

26        [1] As set forth above, the allegations of Plaintiffs' complaint are deemed true because a
    default has been entered against Defendant in this case.  *See TeleVideo Sys., Inc*, 826 F.2d at 917-18
27  ("upon default the factual allegations of the complaint . . . will be taken as true."); *Discovery*
    *Communications, Inc*, 172 F.Supp. 2d at 1288 ("for purposes of a default judgment, the well-plead
28  allegations of the complaint are taken as true.").

                                              4

*10, Inc., v. Talisman Comm. Inc.*, 2000 WL 364813, No. CV99-10450 RAP MCx, *3-4 (C.D. Cal. Mar. 27, 2000) (awarding maximum amount of statutory damages for willful infringement on default judgment); *see also Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002) (granting an award of greater than minimum statutory damages as part of default judgment); *D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35, 37 (2d Cir. 1990) (awarding greater than the minimum statutory damages award as part of default judgment); *Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.*, 725 F.2d 1, 2-3 (1st Cir. 1983) (granting an award of greater than minimum statutory damages as part of default judgment); *Getaped.com, Inc. v Cangemi*, 188 F. Supp. 2d 398, 400-402 (S.D.N.Y. 2002) (awarding $30,000 statutory damages for single infringement).

Here, Plaintiffs are seeking only the minimum statutory damages. Accordingly, Plaintiffs' request for statutory damages is reasonable and appropriate in this case.

### b.    Plaintiffs Are Reasonable In Seeking Their Costs

Section 505 of the Copyright Act allows the Court, in its discretion, to award Plaintiffs the recovery of full costs.[2] 17 U.S.C. § 505. Here, Plaintiffs are requesting their costs expended for filing this lawsuit and for service of process, which is reasonable. *Jackson*, 255 F. Supp. 2d at 1103 (awarding costs, among other things, to the plaintiff pursuant to its motion for default judgment). Zavala Decl., ¶ 16.

### 3.    PLAINTIFFS WILL BE PREJUDICED IF RELIEF IS DENIED

Another factor that the Court may consider when deciding whether to grant default judgment is whether there is a significant possibility of prejudice to the plaintiffs if default judgment is not entered. This factor also weighs in Plaintiffs' favor because if default judgment is not entered, Plaintiffs would be denied the right to judicial resolution of their claims, and would be without other recourse for recovery. *See Cal. Sec. Cans*, 238 F. Supp. 2d at 1177. Indeed, if default judgment is denied, Defendant's conduct will remain unchecked and Defendant will be free to pursue similar activities in the future. Thus, this factor also favors the entry of default judgment in this case.

---

[2] Section 505 also allows a plaintiff to recover its attorneys' fees, but Plaintiffs are not seeking attorneys' fees herein.

1

2

### 4.     THERE IS NO POSSIBILITY OF ANY DISPUTES CONCERNING MATERIAL FACTS

3    The fifth factor considers the possibility of dispute as to any material facts in this case. As

4 set forth above, Plaintiffs filed a well-pleaded Complaint alleging the elements necessary to prevail

5 on a cause of action for copyright infringement. Upon entry of default, all factual allegations set

6 forth in the complaint, except those relating to damages, are deemed true. *Televideo Systems, Inc.*,

7 826 F.2d at 917-18. Because the clerk of the court entered default against Defendant on June 4,

8 2008, and the allegations of the Complaint are therefore taken as true, no genuine dispute as to any

9 material facts exists. *See Cal. Sec. Cans*, 238 F. Supp. 2d at 1177.

### 5.     DEFAULT DID NOT RESULT FROM EXCUSABLE NEGLECT

11    Default did not result from excusable neglect on the part of Defendant. Indeed, Plaintiffs

12 have made every effort to notify Defendant of the complaint against her and of Plaintiffs' intent to

13 pursue a default judgment. Defendant was properly served with the Summons and Complaint by

14 personal service on February 24, 2008. Zavala Decl. ¶ 10. Defendant failed to answer or otherwise

15 respond to the Complaint. Zavala Decl. ¶ 11. On March 18, 2008, Plaintiffs sent a letter to

16 Defendant informing her that she is in default, and urging her to either file and serve a response to

17 the Complaint or to contact Plaintiffs' representatives to attempt to settle the case. Zavala Decl. ¶

18 12, Exh. 2. Defendant responded to the letter and agreed to settle this matter with Plaintiffs, but

19 never returned the settlement documents Plaintiffs sent to her on March 24, 2008. Thus, a default

20 was entered against Defendant on June 4, 2008. Zavala Decl. ¶¶ 12-13, Exh. 3. Defendant was

21 notified that the clerk entered a default against her on June 5, 2008, Zavala Decl., ¶ 14, Exh. 4, but

22 has nonetheless failed to appear or defend herself in this action. Zavala Decl., ¶ 11. Thus, this factor

23 weighs in favor of default judgment.

### 6.     PUBLIC POLICY WARRANTS THE ENTRY OF A DEFAULT JUDGMENT

25    Although public policy favors the resolution of a case on its merits, "this preference, standing

26 alone, is not dispositive." *See PepsiCo., Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d at 1177.

27 Defendant's failure to answer Plaintiffs' complaint makes a decision on the merits impractical, if not

28 impossible. Under Rule 55(a) of the Federal Rules of Civil Procedure, termination of a case before

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST BRITTANY RAQUEL GRAY
CASE NO. C 07-04854 WDB
#38878 v1

1  hearing the merits is allowed whenever a defendant fails to defend an action.  Fed. R. Civ. P. 55(a).

2  Thus, "the preference to decide cases on the merits does not preclude a court from granting default

3  judgment." *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177.  Because Defendant failed to respond to or

4  defend this action in any way, this factor should not preclude the Court from entering a default

5  judgment against Defendant.

6        For all of the foregoing reasons, each of the *Eitel* factors favors the entry of default judgment

7  against Defendant.  Plaintiffs, therefore, respectfully request that the Court grant default judgment

8  against Defendant, and grant the monetary damages and permanent injunction set forth below.

9  ## III.   PLAINTIFFS ARE ENTITLED TO A PERMANENT INJUNCTION, STATUTORY

10  ## DAMAGES AND COSTS

11        Under Federal Rules of Civil Procedure, Rule 54(c), only the amount prayed for in the

12  complaint may be awarded to the plaintiff in default.  Rule 8(a)(3) of the Federal Rules of Civil

13  Procedure also mandates that Plaintiffs' demand for relief be specific.  As set forth below, Plaintiffs

14  are entitled to a permanent injunction, statutory damages in the amount of $6,000.00, and costs in the

15  amount of $420.00.

16      **A.**    **Plaintiffs Are Entitled to Statutory Damages**

17        Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for

18  either (1) the copyright owner's actual damages and any additional profits of the infringer . . . or (2)

19  statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a).  As set forth above,

20  subsection (c) provides, in pertinent part:

21          the copyright owner may elect, at any time before final judgment is

22          rendered to recover, instead of actual damages and profits, an award of

23          statutory damages for all infringements involved in the action, with

24          respect to any one work, for which any one infringer is liable

25          individually . . . in a sum of not less than $750 or more than $30,000 as

26          the Court considers just.

27  17 U.S.C. § 504(c).  Thus, for each violation of the copyright laws, the Court has discretion to award

28  statutory damages in an amount not less than $750 or more than $30,000.

---
7

1    Plaintiffs need not prove actual damages to be entitled to an award of statutory damages

2   under Section 504.  Indeed, "[a] plaintiff may elect statutory damages regardless of the adequacy of

3   the evidence offered as to his actual damages and the amount of defendant's profits."  *Columbia*

4   *Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir.

5   1997), *cert. denied* 534 U.S. 1127, 112 S. Ct. 1063 (2002) (citation omitted); *accord Los Angeles*

6   *News Serv.*, 149 F.3d at 996 ("a plaintiff may recover statutory damages whether or not there is

7   adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant,

8   in order to sanction and vindicate the statutory policy of discouraging infringement").

9    Furthermore, as set forth in Section II.B.2.a., above, courts routinely grant an award of

10  statutory damages (or higher) as part of default judgments in copyright infringement cases.  As such,

11  Plaintiffs respectfully request that the Court grant the minimum statutory damages of $750 for each

12  of the eight (8) infringements alleged in the Complaint, for a total amount of $6,000.00.

13       **B.**     **Plaintiffs Are Entitled To A Permanent Injunction**

14   Plaintiffs request that the Court issue the following injunction to enjoin Defendant's

15  wrongful conduct:

16          Defendant shall be and hereby is enjoined from directly or indirectly
             infringing Plaintiffs' rights under federal or state law in the
17          Copyrighted Recordings and any sound recording, whether now in
             existence or later created, that is owned or controlled by Plaintiffs (or
18          any parent, subsidiary, or affiliate record label of Plaintiffs)
             ("Plaintiffs' Recordings"), including without limitation by using the
19          Internet or any online media distribution system to reproduce (i.e.,
             download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any
20          of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings
             available for distribution to the public, except pursuant to a lawful
21          license or with the express authority of Plaintiffs.  Defendant also shall
             destroy all copies of Plaintiffs' Recordings that Defendant has
22          downloaded onto any computer hard drive or server without Plaintiffs'
             authorization and shall destroy all copies of those downloaded
23          recordings transferred onto any physical medium or device in
             Defendant's possession, custody, or control.

24  Zavala Decl., Exh. 1 (Complaint, p. 4).  As set forth below, Plaintiffs will be irreparably harmed if a

25  permanent injunction is not issued to prevent Defendant's reproduction and distribution of Plaintiffs'

26  copyrighted works.  Furthermore, an injunction in this case will further the public's interest in

27  upholding copyright protections.

28

---

8

1      **1.      PLAINTIFFS WILL BE IRREPARABLY HARMED IF A PERMANENT INJUNCTION**

2            **IS NOT ISSUED TO ENJOIN DEFENDANT'S WRONGFUL CONDUCT**

3            Section 502 of the Copyright Act vests the Court with the power to grant injunctive relief:

4      "Any court having jurisdiction of a civil action arising under this title may, subject to the provisions

5      of section 1498 of title 28, grant . . . final injunctions on such terms as it may deem reasonable to

6      prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  A party seeking a preliminary

7      injunction must show either a likelihood of success on the merits and the possibility of irreparable

8      injury.  *Johnson Controls, Inc. v. Phoenix Control Systems, Inc.*, 886 F.2d 1173, 1174 (9th Cir.

9      1989).  In copyright cases, irreparable harm is presumed on a showing of a reasonable likelihood of

10     success on the merits, and, thus, "a showing of copyright infringement liability and the threat of

11     future violations is sufficient to warrant a permanent injunction."  *Sega Enterprises Ltd. v. Maphia*,

12     948 F. Supp. 923, 940 (N.D.Cal. 1996); *see Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1109 (9th

13     Cir. 1998); *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993); *A&M*

14     *Records, Inc. v. Napster, Inc.*, 114 F. Supp. 2d 896, 925 (N.D. Cal. 2001).  Where a default has been

15     entered against a defendant, the plaintiff need not show irreparable harm because the default itself

16     satisfies the element of success on the merits.  *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F.

17     Supp. 2d 1345 (S.D.Fla. 1999) ("The only difference in the elements needed for the granting of a

18     permanent, as opposed to a preliminary, injunction is the need to show success on the merits, not

19     merely likelihood of success... Plaintiffs in this case need not show irreparable harm, as the default

20     against Defendants satisfies the element of success on the merits.").

21           Here, Defendant's conduct is causing irreparable injury to Plaintiffs that cannot fully be

22     compensated or measured by money.  Indeed, Defendant's infringements were widespread, going

23     well beyond the few representative examples listed in Exhibit A to the Complaint.  See Zavala Decl.,

24     Exh. 1 (Complaint, ¶ 16 & Exh. A) (noting that Defendant was distributing 181 total audio files at

25     the time of identification).  Moreover, Defendant's means of infringement – an online media

26     distribution system with tens of millions of potential users – has left Plaintiffs' sound recordings

27     vulnerable to massive, repeated, near-instantaneous, and worldwide infringement.  Because

28     recordings made available over these systems are typically made available for further unlawful

9

distribution by the users who download them, Defendant's conduct has subjected Plaintiffs' valuable recordings to ongoing "viral" infringement. *See A&M Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1011, 1013-14 (9th Cir. 2001); *In re Aimster Copyright Litigation*, 334 F.3d 643, 646-47 (7th Cir. 2003); *Universal City Studios v. Reimerdes*, 111 F. Supp. 2d 294, 331-332 (S.D.N.Y. 2000), *aff'd*, 273 F.3d 429 (2d Cir. 2001) (when digital works are distributed via the Internet, "[e]very recipient is capable not only of . . . perfectly copying plaintiffs' copyrighted [works] . . . . They likewise are capable of transmitting perfect copies of the [works]. The process potentially is exponential rather than linear"; this means of transmission "threatens to produce virtually unstoppable infringement of copyright.").

Furthermore, there is no evidence that Defendant has stopped infringing Plaintiffs' recordings or that, absent an injunction, Defendant would stop. Indeed, Defendant's failure to respond to the Complaint offers no assurance that Defendant's infringing activity has ceased, and only highlights that Defendant does not take seriously the illegality of her conduct. *See Jackson v. Sturkie*, 255 F. Supp. 2d at 1103 (granting permanent injunction in a copyright infringement action as part of a default judgment because "defendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease."); *Cal. Sec. Cans*, 238 F. Supp. 2d at 1178 (granting permanent injunction as part of a default judgment because, among other things, "in the absence of opposition by the non-appearing defendant, it cannot be said that it is 'absolutely clear' that Defendant's allegedly wrongful behavior has ceased and will not begin again."). Thus, without an injunction, Plaintiffs' copyrighted recordings would remain vulnerable to continued and repeated infringement.

## 2. A PERMANENT INJUNCTION WILL PROTECT THE PUBLIC'S INTEREST IN UPHOLDING COPYRIGHT PROTECTIONS

Courts routinely issue injunctions as part of default judgments. *See Jackson v. Sturkie*, 255 F. Supp. 2d at 1103 (granting permanent injunction in a copyright infringement action as part of a default judgment because "defendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease."); *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177-78 (granting a permanent injunction as a part of a default judgment); *Discovery Comm., Inc.*, 172 F.

10

Supp. 2d 1282 (same); *Triunfo-Mex, Inc.*, 189 F.R.D. 431 (same).[3]  Injunctions are issued pursuant to Section 502 in order to protect the public's interest in upholding copyright protections.  *See Autoskill Inc. v. National Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993), *cert. denied*, 510 U.S. 916, 114 S. Ct. 307 (1993); *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347-48 (S.D.Fla. 1999).  Indeed, "it is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work."  *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983).  Here, an "injunction is necessary to preserve the integrity of the copyright laws which seek to encourage individual efforts and creativity by granting valuable enforceable rights."  *Atari Inc. v. North Am. Philips Consumer Elec. Corp.*, 672 F.2d 607, 620 (7th Cir. 1982), *cert. denied*, 459 U.S. 880, 103 S. Ct. 176 (1982) (preliminary injunction).

### 3.    THE REQUESTED INJUNCTION IS SPECIFIC IN NATURE AND REASONABLY SEEKS TO PROTECT ALL OF PLAINTIFFS' EXISTING AND FUTURE COPYRIGHTS

The injunction requested by Plaintiffs seeks not only to prohibit the future infringement of Plaintiffs' existing works, but also protects Plaintiffs' future copyrights.  Plaintiffs continually create new copyrighted works that would potentially be vulnerable to infringement if the injunction were limited to existing works.  Thus, the requested injunction properly seeks to prevent the reproduction and distribution of Plaintiffs' existing *and* future works.  *See, e.g., Princeton Univ. Press v. Michigan Document Serv., Inc.*, 99 F.3d 1381, 1392-93 (6th Cir. 1996), *cert. denied*, 520 U.S. 1156, 117 S. Ct. 1336 (1997) ("The weight of authority supports the extension of injunctive relief to future

---

[3] *See also Claremont Flock Corp. v. Alm*, 281 F.3d 297 (1st Cir. 2002) (affirming award of default judgment and injunction); *Johnson v. Kakvand*, 192 F.3d 656, 663 (7th Cir. 1999) (affirming default judgment with injunction); *Securities & Exch. Comm'n v. McNulty*, 137 F.3d 732, 741 (2d Cir. 1998), *cert. denied*, 525 U.S. 931, 119 S. Ct. 340 (1998) (affirming default judgment enjoining corporate officer from violating securities laws); *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (affirming default judgment for injunction requiring defendant in trademark infringement suit to label its product to avoid public confusion); *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F.Supp. 2d 1345, 1347-48 (S.D.Fla. 1999) (entering permanent injunction against copyright infringer on default judgment).

11

1   works."); *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994) (permanent

2   injunction includes works created in the future); *Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F.

3   Supp. 1522, 1542 (S.D. N.Y. 1991) (enjoining infringement of present and future copyrighted

4   works); *Orth-O-Vision, Inc. v. Home Box Office*, 474 F. Supp. 672, 686 (S.D. N.Y. 1979) ("[I]t is

5   well within [the Court's] equitable power to enjoin infringement of future registered works.").

6       Furthermore, the injunction sought properly serves to prohibit Defendant from infringing any

7   and all of Plaintiffs' copyrighted works.  *See Sony Music Entm't, Inc.*, 45 F. Supp. 2d at 1347-48

8   (enjoining defendants from infringing any of the copyrighted works owned by Plaintiff, including,

9   but not limited to, those listed in the complaint); *Canopy Music, Inc. v. Harbor Cities Broad. Inc.*,

10  950 F. Supp. 913, 916 (E.D. Wis. 1997) (enjoining radio station that infringed 10 musical

11  composition copyrights "from performing ***any songs to which ASCAP possesses the right to***

12  ***license***") (emphasis added); *Picker Int'l Corp. v. Imaging Equip. Serv., Inc.*, 931 F. Supp. 18, 45 (D.

13  Mass. 1995), *aff'd*, 94 F.3d 640 (1st Cir. 1996) (injunction entered which applies "not only to the

14  works as to which infringement has already been adjudicated, but also to any other works presently

15  owned by plaintiff"); *Jobette Music Co., Inc. v. Hampton*, 864 F. Supp. 7, 9 (S.D. Miss. 1994)

16  (enjoining defendants from performing any musical compositions licensed through ASCAP, not just

17  those listed in complaint); *Zeon Music v. Stars Inn Lounge, Ltd.*, 1994 WL 163636, No. 92 C 7607,

18  at *5 (N.D. Ill. Apr. 28, 1994) (where defendants infringed four songs, court enjoined them "from

19  publicly performing or sponsoring the public performances of ***any musical composition included in***

20  ***ASCAP's repertory*** until such time as defendants obtain a license to do so") (emphasis added);

21  *Weintraub/Okun Music v. Atlantic Fish & Chips, Inc.*, 1991 WL 34713, No. 90 C 4938, at *4 (N.D.

22  Ill. Mar. 13, 1991) (seven songs infringed by restaurant; Court enjoined "further infringement of the

23  copyrights held by ASCAP members").

24      In light of the scope and nature of Defendant's infringement, the need to protect Plaintiffs'

25  copyrighted works, and the public interest in upholding copyright protection, the requested

26  injunction is specific in nature, and will serve to prohibit the infringement of all copyrighted sound

27  recordings owned by Plaintiffs.

28

C.    **Plaintiffs Are Entitled To Their Costs**

Under Section 505 of the Copyright Act, courts have the discretion to award "the recovery of full costs" and reasonable attorneys' fees.  17 U.S.C. § 505; *Discovery Communications, Inc.*, 172 F. Supp. 2d at 1292 (granting default judgment including an award of costs based on affidavit specifying costs submitted with application for default judgment); *see also Century ML-Cable Corp. v. Diaz*, 39 F. Supp. 2d 121, 126 (D.P.R. 1999) (same); *Cablevision Sys. N.Y. City Corp. v. Lokshin*, 980 F. Supp. 107, 115 (E.D.N.Y. 1997) (same); *Cross Keys Publ'g Co., Inc. v. Wee, Inc.*, 921 F. Supp. 479, 481-82 (W.D. Mich. 1995) (copyright infringement action; same); *Jobette Music Co., Inc.*, 864 F. Supp. at 10 (same).  Indeed, an award of costs would "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party." *A&N Music Corp. v. Venezia*, 733 F. Supp. 955, 959 (E.D. Penn. 1990).

Here, Plaintiffs are not seeking attorneys' fees but rather, the costs they incurred in bringing suit, or $420.00, which includes $350.00 in filing fees and $70.00 expended for service of process. *See id.*; *Cross Keys Publ'g Co., Inc.*, 921 F. Supp. at 481-82 (default judgment awarding costs). Zavala Decl., ¶ 16.  Such amount is reasonable, and will serve to deter future infringement and ensure that all copyright holders will have equal access to the court to protect their works.  *See A&N Music Corp.* 733 F. Supp. at 959 (awarding costs on default judgment in copyright infringement action); *see also Cross Keys Publ'g Co., Inc. v. Wee, Inc.*, 921 F. Supp. 479, 481-82 (W.D.Mich. 1995) (default judgment awarding costs).

IV.    **AN EVIDENTIARY HEARING IS NOT NECESSARY HERE BECAUSE THE DAMAGES PLAINTIFFS SEEK ARE EASILY ASCERTAINABLE**

When ruling on an application for default judgment, the Court has discretion in determining whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence.  Fed. R. Civ. P. 55(b)(2).  It is well settled, however, that a default judgment for money may be entered without an evidentiary hearing if the amount claimed is a liquidated sum or capable of mathematical calculation.  *Davis v. Fendler*, 650 F.2d 1154, 1161-62 (9th Cir. 1981) (affirming default judgment entered without evidentiary hearing where damages sought were a definite sum).

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST BRITTANY RAQUEL GRAY
CASE NO. C 07-04854 WDB
#38878 v1

1   As set forth above, Plaintiffs are seeking only the minimum statutory damages, costs and a

2   permanent injunction. Because those damages are easily ascertainable from the Complaint, no

3   evidentiary hearing is necessary. *See Davis*, 650 F.2d at 1161-62 (affirming that default judgment

4   was appropriate even though no evidentiary hearing was held because the damages sought were a

5   definite sum).[4]

6        If, however, the Court decides that a hearing is necessary, Plaintiffs submit that Defendant is

7   not entitled to oppose or present any evidence in opposition to this Application. Schwarzer, W. *et

8   al.*, *California Practice Guide, Federal Civil Procedure Before Trial*, 6:42 (2000) (*citing Clifton v.

9   Tomb*, 21 F.2d 893, 897 (4th Cir. 1927) ("When a party is in default . . . the party himself has lost his

10  standing in court, cannot appear in any way, cannot adduce evidence, and cannot be heard at the

11  final hearing.")).

12  **V.    CONCLUSION**

13       For all of the foregoing reasons, Plaintiffs respectfully request that the Court enter a default

14  judgment in favor of Plaintiffs and against Defendant, for statutory damages in the total amount of

15  $6,000.00, an injunction in the form sought in the Complaint, and costs of $420.00.

16  Dated: July 21, 2008                    Respectfully submitted,

17                                          HOLME ROBERTS & OWEN LLP

18

19                                          By:  _/s/ Dawniell Alise Zavala_____

20                                               DAWNIELL ALISE ZAVALA
                                                 Attorney for Plaintiffs

21

22

_____

23       [4] It is settled that a defendant who fails to appear or defend him or herself in an action is not
    entitled to notice of an application for entry of default judgment. Fed. R. Civ. P. 55(b)(2); *In re*

24  *Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993) ("[N]otice [pursuant to Rule 55(b)(2)] is only

25  required where the party has made an appearance."); *Wilson v. Moore & Assoc., Inc.*, 564 F.2d 366,
    368 (9th Cir. 1977) (affirming trial court's denial of motion to set aside default judgment where

26  defendant did not give notice of application; "No party in default is entitled to 55(b)(2) notice unless
    he has 'appeared' in the action."); *Discovery Comm., Inc. v. Animal Planet, Inc.*, 172 F.Supp. 2d

27  1282, 1287-88 (C.D.Cal. 2001). Plaintiffs have nonetheless given notice of this Application to

28  Defendant. By providing such notice, however, Plaintiffs do not intend to waive their right to have
    the Court rule on this Application without appearance or objection by Defendant.

14

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST BRITTANY RAQUEL GRAY
CASE NO. C 07-04854 WDB

#38878 v1

**PROOF OF SERVICE**

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the office of Holme Roberts & Owen in San Francisco, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 560 Mission Street, 25th Floor, San Francisco, CA  94105.

On July 21, 2008, I served the foregoing documents described as:

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT BY THE COURT AGAINST DEFENDANT BRITTANY RAQUEL GRAY**

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> **Brittany Raquel Gray**
> **75 Poncetta Drive, #215**
> **Daly City, CA 94015**

☒    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 21, 2008 at San Francisco, California.


_____
Della Grant