Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: dawniell.zavala@hro.com

Attorneys for Plaintiffs,
SONY BMG MUSIC ENTERTAINMENT;
ARISTA RECORDS LLC; INTERSCOPE
RECORDS; BMG MUSIC; UMG RECORDINGS,
INC.; and WARNER BROS. RECORDS INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; BMG MUSIC, a New York general partnership; UMG RECORDINGS, INC., a Delaware corporation; and WARNER BROS. RECORDS INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> BRITTANY RAQUEL GRAY, <br><br> Defendant. | CASE NO. C 07-04854 WDB <br><br> The Honorable Wayne D. Brazil <br><br> **DECLARATION OF DAWNIELL ALISE ZAVALA IN FURTHER SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BRITTANY RAQUEL GRAY** <br><br> Date: September 10, 2008 <br> Time: 1:30 p.m. <br> Place: Courtroom 4, 3rd Floor |

1

## DECLARATION OF DAWNIELL ALISE ZAVALA

2      I, Dawniell Alise Zavala, declare:

3      1.      I am an attorney at law licensed to practice before the Courts of the State of
4 California and the United States District Court for the Northern District of California. I am an
5 associate in the law firm of Holme Roberts & Owen LLP ("HRO"). HRO serves as lead national
6 counsel for the record companies in all actions like the current case. I have personal knowledge of
7 all facts set forth in this declaration, except as where stated on information and belief. As to such
8 facts, I believe them to be true.

9      2.      Users of peer-to-peer networks who distribute files over a network can be identified
10 using Internet Protocol ("IP") addresses, as more fully described below, because the unique IP
11 address of the computer offering the files for distribution can be captured by a user during a search
12 or a file transfer. Users of peer-to-peer networks can be identified by their IP addresses because
13 each computer or network device that connects to a peer-to-peer network must have a unique IP
14 address within the Internet to deliver files from one computer or network device to another. Two
15 computers cannot effectively function if they are connected to the Internet with the same IP address
16 at the same time. This is analogous to the postal system, where each mail drop has a unique address.
17 Each computer or network device is connected to a network that is administered by an organization
18 like a business, Internet Service Provider ("ISP"), college or university. Each network, in turn, is
19 analogous to a zip code. The network provider will maintain a log of IP address allocations. An IP
20 address can be associated with an organization such as an ISP, business, college or university, and
21 that organization can identify the peer-to-peer network user associated with the IP address.

22      3.      On February 14, 2007, Plaintiffs' investigators detected an individual, later
23 determined to be Defendant, using the LimeWire online media distribution system over a peer-to-
24 peer file-sharing network. This individual had 181 audio files on her computer and was distributing
25 them to the millions of people who use peer-to-peer networks. A third-party investigator retained by
26 Plaintiffs, MediaSentry, Inc., determined that the individual used IP address 130.212.161.156 to
27 connect to the Internet.

28

1

1     4.    In gathering evidence of copyright infringement, MediaSentry uses the same

2  functionalities that are built into peer-to-peer programs that any user of the software can use on the

3  network. Therefore, MediaSentry does not do anything that any other user on a peer-to-peer

4  network cannot do. MediaSentry does not obtain any information that is not also available to anyone

5  who logs into a peer-to-peer network.

6     5.    Just as any other user on the same peer-to-peer network as this individual would be

7  able to do, MediaSentry was able to detect the infringement of copyrighted works and identify the

8  user's IP address, because the LimeWire peer-to-peer software had its file-sharing feature enabled.[1]

9  MediaSentry obtained a list of the individual's "share" folder(s) and downloaded a number of the

10  MP3 music files that the individual was offering to users of the LimeWire network. Then, the record

11  companies themselves verified that these music files were, indeed, their copyrighted recordings.

12  These music files are the ones listed in Exhibit A to the First Amended Complaint ("Complaint"), a

13  true and correct copy of which is attached as **Exhibit 1**.

14     6.    Once Plaintiffs verified that their copyrights had been infringed, Plaintiffs began the

15  process of identifying the individual associated with IP address 130.212.161.156. To do this,

16  Plaintiffs filed a Doe lawsuit and an *Ex Parte* Application for Leave to Take Immediate Discovery

17  on September 20, 2007. The purpose of the discovery motion was to allow the Plaintiffs to serve a

18  subpoena on the ISP with which IP address 130.212.161.156 was associated, in order to learn the

19  identity of the individual to whom this address was assigned at the date and time the infringement

20  was detected. Specifically, Plaintiffs sought leave to serve a subpoena asking the ISP to identify the

21  individual associated with IP address 130.212.161.156 at the date and time MediaSentry detected the

22  infringement.

23     7.    The Court entered its Order Granting Plaintiffs' *Ex Parte* Application for Leave to

24  Take Immediate Discovery on October 1, 2007, and Plaintiffs served the above-referenced subpoena

25  on San Francisco State University ("SFSU"), the ISP associated with the above-referenced IP

26  address. SFSU identified Brittany Raquel Gray, the Defendant, as the individual in question.

27

28     [1] *See United States v. Kennedy*, 81 F. Supp. 2d 1103, 1106 n.4 (D. Kan. 2000) (explaining detection through a file-sharing program).

2

8.    After learning Ms. Gray's identity, Plaintiffs' counsel sent Ms. Gray a letter on December 4, 2007 advising her that copyright infringement had been detected and providing a telephone number and e-mail address she could use to contact Plaintiffs' representatives to try to resolve the matter before amending the Doe lawsuit to name Ms. Gray as Defendant.

9.    Defendant contacted Plaintiffs' settlement representatives on December 10, 2007 and agreed to settle this matter. Plaintiffs mailed settlement documents to Defendant on December 19, 2008. When Defendant failed to return the signed settlement documents and Plaintiffs heard nothing further from Defendant, Plaintiffs filed their First Amended Complaint against Defendant for copyright infringement on February 4, 2008.

10.    Defendant was served with the Summons and Complaint on February 24, 2008, by personal service.

11.    Defendant failed to answer or otherwise respond to the Complaint, or to serve a copy of any answer or other response upon Plaintiffs' attorneys of record.

12.    On March 18, 2008, Plaintiffs' counsel sent a letter to Defendant explaining that she was in default, and urging Defendant to respond to the Complaint or contact Plaintiffs' representatives regarding a settlement. Attached as **Exhibit 2** is a true and correct copy of the letter sent by Plaintiffs to Defendant. Although Defendant contacted Plaintiffs on March 24, 2008 in response to this letter and agreed to settle this matter, Defendant again failed to return the settlement documents Plaintiffs sent to her, which were due on April 4, 2008, nor did Defendant remit any payment in settlement of this matter.

13.    On June 4, 2008, the Clerk of this Court entered the default of Defendant. Attached as **Exhibit 3** is a true and correct copy of the Default by Clerk.

14.    Defendant was notified that the Clerk of this Court entered default of Defendant on June 5, 2008. Attached as **Exhibit 4** is a true and correct copy of the Proof of Service of Default by Clerk.

15.    The library staff of Holme Roberts & Owen contracted with Judgment Day Information Services, Inc. for a search through the Department of Defense – Manpower Data Center, to determine if Defendant is in the military. The search revealed no evidence that Defendant is

3

1  currently on active duty military service.  Additionally, the search provided Defendant's date of birth

2  of August 30, 1988.  As such, Plaintiffs are informed and believe that Defendant is at least 19 years

3  old, and is therefore not a minor.  Attached as **Exhibit 5** is a true and correct copy of the search.  I

4  am also informed and believe that Defendant is not incompetent.

5      16.    Plaintiffs have incurred costs in this case in the amount of $350 for filing fees, and

6  $70 for service of process.

7      17.    In the event that the Court has additional questions or concerns related to Plaintiffs'

8  motion for default judgment, Plaintiffs respectfully request a hearing in order to address the Court's

9  concerns.

10      I declare under penalty of perjury under the laws of the United States of America that the

11  foregoing is true and correct.

12      Executed this 21st day of July, 2008, at San Francisco, California.

14      Dawniell Alise Zavala

4

# EXHIBIT 1

1   Matthew Franklin Jaksa (CA State Bar No. 248072)
    HOLME ROBERTS & OWEN LLP
2   560 Mission Street, 25ᵗʰ Floor
3   San Francisco, CA  94105-2994
    Telephone:   (415) 268-2000
4   Facsimile:   (415) 268-1999
    E-mail: matt.jaksa@hro.com
5

6   Attorneys for Plaintiffs
7   SONY BMG MUSIC ENTERTAINMENT;
    ARISTA RECORDS LLC; INTERSCOPE RECORDS;
8   BMG MUSIC; UMG RECORDINGS, INC.;
9   and WARNER BROS. RECORDS INC.

10                    UNITED STATES DISTRICT COURT
11                  NORTHERN DISTRICT OF CALIFORNIA
                           OAKLAND DIVISION
12

13   SONY BMG MUSIC ENTERTAINMENT, a         CASE NO. 4:07-CV-04854-WDB
     Delaware general partnership; ARISTA
14   RECORDS LLC, a Delaware limited liability   **FIRST AMENDED COMPLAINT FOR**
15   company; INTERSCOPE RECORDS, a            **COPYRIGHT INFRINGEMENT**
     California general partnership; BMG MUSIC, a
16   New York general partnership; UMG
17   RECORDINGS, INC., a Delaware corporation;
     and WARNER BROS. RECORDS INC., a
18   Delaware corporation,

19                Plaintiffs,

20        v.

21   BRITTANY GRAY,

22                Defendant.

23

24

25

26

27

28

**JURISDICTION AND VENUE**

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 et seq.).

2.      This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3.      This Court has personal jurisdiction over the Defendant, Brittany Gray, and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, because, on information and belief, the Defendant resides in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

**PARTIES**

4.      Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

5.      Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

6.      Plaintiff Interscope Records is a California general partnership, with its principal place of business in the State of California.

7.      Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

8.      Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

9.      Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

10.     Plaintiffs are informed and believe that Defendant is an individual who resided in Daly City, California, within this District at the time of the infringement complained of herein. Upon information and belief, Defendant may still be found in this District.

1

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

11.  Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

12.  Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, for which the Plaintiffs are the owners as specified on Exhibit A.

13.  Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

14.  Much of the unlawful distribution of copyrighted sound recordings over the Internet occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media distribution systems. P2P networks, at least in their most popular form, refer to computer systems or processes that enable Internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files from one computer to another via the Internet, which can include both downloading an exact copy of that file onto the user's own computer and distributing an exact copy of that file to other Internet users on the same P2P network. P2P networks enable users who otherwise would have no connection with, or knowledge of, each other to provide a sophisticated search mechanism by which users can locate these files for downloading and to reproduce and distribute files off of their personal computers.

15.  Users of P2P networks who distribute files over a network can be identified by using Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files for distribution can be captured by another user during a search or a file transfer. Users of P2P networks can be identified by their IP addresses because each computer or network device (such as a

2

1    router) that connects to a P2P network must have a unique IP address within the Internet to deliver

2    files from one computer or network device to another.  Two computers cannot effectively function if

3    they are connected to the Internet with the same IP address at the same time.

4          16.     Plaintiffs identified an individual using LimeWire on the P2P network Gnutella at IP

5    address 130.212.161.156 on February 14, 2007 at 04:30:19 EST distributing 181 audio files over the

6    Internet.  The Defendant was identified as the individual responsible for that IP address at that date

7    and time.  Plaintiffs are informed and believe that as of February 14, 2007, Defendant, without the

8    permission or consent of Plaintiffs, had continuously used, and continued to use, a P2P network to

9    download and/or distribute to the public the Copyrighted Recordings.  Exhibit A identifies the date

10   and time of capture and a list of Copyrighted Recordings that Defendant has, without the permission

11   or consent of Plaintiffs, downloaded and/or distributed to the public.  Through Defendant's

12   continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted

13   Recordings, which acts Plaintiffs believe to have been ongoing for some time, Defendant has

14   violated Plaintiffs' exclusive rights of reproduction and distribution.  Defendant's actions constitute

15   infringement of Plaintiffs' copyrights and exclusive rights under copyright.

16         17.     In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and

17   believe that Defendant has, without the permission or consent of Plaintiffs, continuously downloaded

18   and/or distributed to the public additional sound recordings owned by or exclusively licensed to

19   Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are

20   ongoing.

21         18.     Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on

22   each respective album cover of each of the sound recordings identified in Exhibit A.  These notices

23   of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.

24   These published copies were widely available, and each of the published copies of the sound

25   recordings identified in Exhibit A was accessible by Defendant.

26         19.     Plaintiffs are informed and believe that the foregoing acts of infringement have been

27   willful and intentional, in disregard of and indifference to the rights of Plaintiffs.

28

1      20.     As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights

2  under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for

3  Defendant's infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to

4  their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

5      21.     The conduct of Defendant is causing and, unless enjoined and restrained by this

6  Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated

7  or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502

8  and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing

9  Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in

10  violation of Plaintiffs' exclusive rights.

11      WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

12      1.     For an injunction providing:

13      "Defendant shall be and hereby is enjoined from directly or indirectly
infringing Plaintiffs' rights under federal or state law in the

14      Copyrighted Recordings and any sound recording, whether now in
existence or later created, that is owned or controlled by Plaintiffs (or

15      any parent, subsidiary, or affiliate record label of Plaintiffs)
("Plaintiffs' Recordings"), including without limitation by using the

16      Internet or any online media distribution system to reproduce (i.e.,
download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any

17      of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings
available for distribution to the public, except pursuant to a lawful

18      license or with the express authority of Plaintiffs. Defendant also shall
destroy all copies of Plaintiffs' Recordings that Defendant has

19      downloaded onto any computer hard drive or server without Plaintiffs'
authorization and shall destroy all copies of those downloaded

20      recordings transferred onto any physical medium or device in
Defendant's possession, custody, or control."

21

22      2.     For statutory damages for each infringement of each

23  Copyrighted Recording pursuant to 17 U.S.C. § 504.

24      3.     For Plaintiffs' costs in this action.

25      4.     For Plaintiffs' reasonable attorneys' fees incurred herein.

26

27

28

1         5.    For such other and further relief as the Court may deem just

2    and proper.

3

4    Dated: February 1, 2008          HOLME ROBERTS & OWEN LLP

5

6

7              By: _____

8                   MATTHEW FRANKLIN JAKSA
                    Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Amended Complaint for Infringement
*Sony BMG Music Entertainment, et al. v. Brittany Gray*
Case No. 4:07-cv-04854-WDB

# EXHIBIT A

## EXHIBIT A

## BRITTANY GRAY

**IP Address:** 130.212.161.156 2007-02-14 04:30:19 EST

**CASE ID#** 118287592

**P2P Network:** Gnutella

**Total Audio Files:** 181

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT | Journey | Open Arms | Escape | 30-088 |
| Arista Records LLC | Whitney Houston | I Will Always Love You | Bodyguard Soundtrack | 152-583 |
| Interscope Records | No Doubt | Underneath it All | Rock Steady | 305-872 |
| BMG Music | Alicia Keys | Caged Bird (Outro) | Songs in A Minor | 299-410 |
| SONY BMG MUSIC ENTERTAINMENT | Lauryn Hill | Ex-Factor | The Miseducation Of Lauryn Hill | 254-183 |
| UMG Recordings, Inc. | Boyz II Men | End Of The Road | Legacy | 305-536 |
| SONY BMG MUSIC ENTERTAINMENT | Aerosmith | Hole In My Soul | Nine Lives | 246-031 |
| Warner Bros. Records Inc. | Linkin Park | A Place For My Head | Hybrid Theory | 288-402 |

# EXHIBIT 2



# Holme Roberts & Owen LLP
*Attorneys at Law*

SAN FRANCISCO

March 18, 2008

**VIA U.S. MAIL**

BOULDER

Brittany Raquel Gray
75 Poncetta Drive 215
Daly City, CA 94015

COLORADO SPRINGS

Re:   *Sony BMG Music Entertainment, et al. v. Brittany Raquel Gray*
      U.S. District Court-Northern District, Oakland Division
      Case No. C 07-04854 WDB

Dear Ms. Gray:

DENVER

This law firm is counsel to the record company plaintiffs in the above-mentioned case.  You were served with the Summons and Complaint on **February 24, 2008.**  As the Summons stated, the law required you to file and serve a response to the Complaint <u>within 20 days</u> after you were served.

LONDON

Because you have failed to do so, Plaintiffs now have the right to enter your default and seek judgment against you for all of the relief sought in the Complaint, including monetary damages and an injunction.  We urge you to file and serve a response to the Complaint immediately, and to consult an attorney if you have not yet done so.  Failure to respond to the Complaint can have serious consequences for you.

LOS ANGELES

If you would like to try to settle this case promptly, you or your attorney may call the record companies' representatives by phone at (913) 234-8181, by facsimile at (913) 234-8182, or by e-mail at info@SettlementInformationLine.com.  If you are under the age of 18, we will require that your attorney (or your parent or other guardian) be present during any discussions.  Please understand that contacting the record companies' representatives is not a substitute for filing immediately a response to the Complaint.

MUNICH

SALT LAKE CITY

Sincerely,

Matthew F. Jaksa

Matt Jaksa  415.268.1986  matt.jaksa@hro.com
560 Mission Street, 25th Floor  San Francisco, California 94105-2994  *tel*  415.268.2000  *fax*  415.268.1999
#36247 v1

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**1301 Clay Street**
**Oakland, California 94612**

www.cand.uscourts.gov

Richard W. Wieking                                                    General Court Number
Clerk                                                                      510.637.3530

June 4, 2008

RE: <u>CV 07-04854 WDB</u>    <u>SONY BMG MUSIC-v- BRITTANY RAQUEL GRAY</u>

Default is entered as to defendant, Brittany Gray, on June 4, 2008.

RICHARD W. WIEKING, Clerk

*Cynthia J. Lenahan*
by<u>Cynthia Lenahan</u>
Case Systems Administrator

NDC TR-4  Rev. 3/89

# EXHIBIT 4

1   Dawniell Alise Zavala (CA State Bar No. 253130)
    HOLME ROBERTS & OWEN LLP
2   560 Mission Street, 25th Floor
    San Francisco, CA  94105-2994
3   Telephone:   (415) 268-2000
    Facsimile:   (415) 268-1999
4   Email:       dawniell.zavala@hro.com
5
6   Attorneys for Plaintiffs,
    SONY BMG MUSIC ENTERTAINMENT;
7   ARISTA RECORDS LLC; INTERSCOPE
    RECORDS; BMG MUSIC; UMG RECORDINGS,
8   INC.; and WARNER BROS. RECORDS INC.
9
10                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
11                         OAKLAND DIVISION
12
13  SONY BMG MUSIC ENTERTAINMENT, a          CASE NO. C 07-04854 WDB
    Delaware general partnership; ARISTA
14  RECORDS LLC, a Delaware limited liability  The Honorable Wayne D. Brazil
    company; INTERSCOPE RECORDS, a
15  California general partnership; BMG MUSIC, a  **PROOF OF SERVICE OF CLERK'S**
    New York general partnership; UMG          **NOTICE OF ENTRY OF DEFAULT AS TO**
16  RECORDINGS, INC., a Delaware corporation;  **DEFENDANT BRITTANY GRAY**
17  and WARNER BROS. RECORDS INC., a
    Delaware corporation,
18
19                 Plaintiffs,
20          v.
21
22  BRITTANY RAQUEL GRAY,
23
                   Defendant.
24
25
26
27
28

PROOF OF SERVICE RE DEFAULT
Case No. C 07-04854 WDB
#38100 v1

1          **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

3          I am employed in the office of Holme Roberts & Owen in San Francisco, California.  I am

4    over the age of eighteen years and not a party to the within action.  My business address is 560

5    Mission Street, 25th Floor, San Francisco, CA  94105.

6          On June 5, 2008, I served the foregoing documents described as:

7    **CLERK'S NOTICE OF ENTRY OF DEFAULT AS TO DEFENDANT BRITTANY GRAY**

8    on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed

9    envelope addressed as follows:

10                      **Brittany Raquel Gray**
                       **75 Poncetta Drive, #215**
11                      **Daly City, CA 94015**

12        ☒      BY MAIL: I am "readily familiar" with the firm's practice of collection and

13   processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal

14   service on that same day with postage thereon fully prepaid at San Francisco, California in the

15   ordinary course of business.  I am aware that on motion of the party served, service is presumed

16   invalid if postal cancellation date or postage meter date is more than one day after date of deposit for

17   mailing in affidavit.

18        ☒      (FEDERAL) I declare that I am employed in the office of a member of the bar of this

19   court at whose direction the service was made.

20        Executed on June 5, 2008 at San Francisco, California.

21

22

23                                  _Della Grant_

24                                  Della Grant

25

26

27

28

                                      1

PROOF OF SERVICE RE DEFAULT
Case No. C 07-04854 WDB
#38100 v1

# EXHIBIT 5



# Military Search

**JUDGMENT DAY INFORMATION SERVICES, INC.**
52 YONKERS TERRACE- YONKERS NY 10704
TEL: (888) 524-7982   Fax: (866) 847-2757
Email: support@militarysearch.org
Website: http:www.militarysearch.org

### MSA PLUS: MILITARY STATUS AFFIDAVIT VERIFICATION STATUS
### COMPREHENSIVE REPORT
### REFERENCE NUMBER: GRAY/ FILE#48983-00010

### SEARCH CRITERIA:

**BRITTANY RACQUEL GRAY**
**800 FONT BLVD SAN FRANCISCO, CA 94132-1723**

### RESULTS:

### SUBJECT 1

| | |
|---|---|
| **NAME:** | **BRITTANY RACQUEL GRAY** |
| **AKA'S:** | |
| **SSN:** | 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 |
| **DOB:** | 8/30/1988 |

**<<<MATCH ON NAME AND ADDRESS >>>**

### END OF REPORT

All sources used by Judgment Day Information Services, Inc. are deemed both reliable and accurate. However, we have no control over the integrity of the data and we will not assume responsibility for the accuracy or integrity of the records used. Furthermore, Judgment Day Information Services, Inc., does not make any warranty of content expressed, implied or intended. The condition of any information mentioned in our reports is for investigative purposes only and is produced for the exclusive use of the requester.

ΑΠΡ. 21. 2008   2:44PM    DOCUMENT ΘΑΤ ΙΝΓΟ. ΘΥΘΘ. ΙΝΘ.                    ΝΟ. 0700    Ρ. 6
Jest for Military Status

Department of Defense Manpower Data Center                    APR-21-2008 10:07:15



Military Status Report
Pursuant to the Servicemembers Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|---|---|---|---|---|
| GRAY | BRITTANY RAQUEL | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Military.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The Department of Defense strongly supports the enforcement of the Servicemembers Civil Relief Act [50 USCS Appx. §§ 501 et seq] (SCRA) (formerly the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's active duty status by contacting that person's Military Service via the "defenselink.mil" URL provided below. If you have evidence the person is on active-duty and you fail to obtain this additional Military Service verification, provisions of the SCRA may be invoked against you.

If you obtain further information about the person ( e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects current active duty status only. For historical information, please contact the Military Service SCRA points-of-contact.

WARNING: This certificate was provided based on a name and Social Security number (SSN) provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.

*Report ID:DPAOJNETWQ*

APR. 21. 2008  2:44PM    JUDGMENT DAY INFO. SVCS. INC.            NO. 8788  P. 5



# Military Search SM

## JUDGMENT DAY INFORMATION SERVICES, INC.
### PHONE: (888) 524-7982        FAX (866) 847-2757
### 52 YONKERS TERRACE - SUITE 3E- YONKERS – NY 10704

## AFFIDAVIT IN SUPPORT OF SEARCH

1. I Melissa B. Forschner of Judgment Day Information Services, Inc. with offices located at 52 Yonkers Terrace, Yonkers, NY 10704, am over the age of 18 and do hereby attest that Judgment Day Information Services, Inc., conducted a diligent search of the DMDC Manpower Database to determine the current military or non-military status of the defendant. I have personal knowledge of all matters stated herein.

2. This affidavit is made pursuant to the Service Members Civil Relief Act (SCRA) [50 USCS Appx. §§ 501 et seq] formerly the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 U.S.C.A. App. Secs 501et. seq, for the purpose of entry of judgment against BRITTANY RACQUEL GRAY.

3. I provided the Department of Defense Manpower Data Center with the pertinent information about the defendant such as the defendants name BRITTANY RACQUEL GRAY and Social Security Number, which I know because it was located through a diligent search of the individuals' name, street address and state of Residence, which was provided to me by the plaintiff's attorney HOLME ROBERTS & OWEN LLP and yielded a positive identity match. I then conducted a diligent search of the DMDC Manpower Database at the request of HOLME ROBERTS & OWEN LLP.

4. Based on the response I have received from the Department of Defense Manpower Data Center dated 4/21/2008 a copy of which is attached hereto and made a part hereof, I am convinced that the defendant is not in any branch of the United States military.

DATED:4/21/2008

Signature

Printed Name

Sworn to before me this 21st day
Of April , 2008.

Notary Public

**RANDY S. FORSCHNER**
**Notary Public, State of New York**
**No. 01FO6036033**
**Qualified in Westchester County**
**Commission Expires   01/12/2010**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

    I am employed in the office of Holme Roberts & Owen in San Francisco, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 560 Mission Street, 25th Floor, San Francisco, CA  94105.

    On July 21, 2008, I served the foregoing documents described as:

**DECLARATION OF DAWNIELL ALISE ZAVALA IN FURTHER SUPPORT OF MOTION**

**FOR DEFAULT JUDGMENT AGAINST DEFENDANT BRITTANY RAQUEL GRAY**

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> **Brittany Raquel Gray**
> **75 Poncetta Drive 215**
> **Daly City, CA 94015**

    ☒    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    ☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on July 21, 2008 at San Francisco, California.

_Della Grant_
_____
Della Grant

Proof of Service
Case No. C 07-04854 WDB
#38882 v1