United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SONY BMG MUSIC ENTERTAINMENT, et al,

    Plaintiffs,

v.

BRITTANY RAQUEL GRAY

    Defendant.
_____/

No. C 07-4854 WDB

***ORDER FOR REASSIGNMENT* AND REPORT AND RECOMMENDATION RE APPLICATION FOR DEFAULT JUDGMENT**

    Plaintiffs Sony BMG Music Entertainment, Arista Records LLC, Interscope Records, BMG Music, UMG Recordings, Inc., and Warner Bros. Records, Inc., are copyright owners or licensees with respect to certain copyrighted sound recordings. Complaint, filed February 4, 2008, at 1-2. Defendant Brittany Gray is an individual residing in Daly City, California. *Id*.

    On February 4, 2008, plaintiffs filed their complaint against Ms. Gray alleging that plaintiffs are the owners of copyrights in eight identified sound recordings ("Copyrighted Recordings") and that Ms. Gray has violated and continues to violate exclusive rights granted to plaintiffs in violation of the Copyright Act. See, Complaint at 3 and Ex. A. Specifically, plaintiffs allege that Ms. Gray has violated plaintiffs' exclusive rights to reproduce and to distribute the

1

1  Copyrighted Recordings by using the internet to download from and/or upload to a
2  "peer to peer" file sharing network.  17 U.S.C. §106(1) and (3); Complaint at 2-3.
3       Plaintiffs served Ms. Gray with a copy of the Complaint on February 24,
4  2008.  See, Proof of Service filed March 10, 2008.
5       In response to plaintiffs' application for entry of default, the Clerk of the
6  Court entered default as to Brittany Raquel Gray on June 4, 2008.
7       On July 21, 2008, plaintiffs filed and served their Motion for Default
8  Judgment Against Defendant Brittany Raquel Gray ("Motion").  See, Proof of
9  Service, attached to Motion.  Plaintiffs notified defendant that this Court would
10 conduct a hearing on September 10, 2008, in connection with the Motion for
11 Default Judgment.  Motion at 1.
12      On September 10, 2008, the Court conducted a hearing in connection with
13 plaintiffs' Motion.  No appearance was made on behalf of defendant.
14      Plaintiffs seek judgment against Ms. Gray in the amount $6,000.00,
15 representing statutory damages for copyright infringement of eight works and costs
16 in the amount $420.  17 U.S.C. §§504 and 505.  See also, Declaration of Dawniell
17 Alise Zavala, filed July 21, 2008, ("Zavala Decl.") at 16; Motion at 7-8 and 13.
18 Plaintiffs also ask the Court to issue a permanent injunction prohibiting Ms. Gray
19 from infringing plaintiffs' rights in copyrighted recordings owned by plaintiffs now
20 or in the future and directing Ms. Gray to destroy all copies of plaintiffs' recordings
21 that defendant has downloaded without authorization.  17 U.S.C. §§502(a) and
22 503. See also, Complaint at 4.
23      Because defendant Brittany Gray has not appeared in this action, this Court
24 has not secured consent as required by 28 U.S.C. §636(c).  Accordingly, we make
25 the following Report and Recommendation and ORDER the Clerk of the Court to
26 randomly reassign this action to a District Judge.
27 //
28

## I. Entitlement to Entry of Default Judgment

Plaintiffs seek entry of judgment by default against Brittany Raquel Gray.

Plaintiffs served defendant with their motion for default judgment. See, Proof of Service, filed on July 21, 2008.

Ms. Gray has failed to respond to the Complaint or otherwise to appear in the proceedings, and the Clerk of the Court entered default as to this defendant.

Plaintiffs' counsel has communicated directly with Ms. Gray, who is aware of this action yet still has chosen not to appear. Zavala Decl., at ¶8-12. This fact supports a finding that Ms. Gray has chosen not to defend this action and strongly supports plaintiffs' request for judgment by default.

To demonstrate direct infringement plaintiffs must satisfy two requirements: (1) they must prove ownership of the copyright and (2) they must prove that defendant's conduct violates at least one exclusive right granted under 17 U.S.C. §106. A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004 (9th Cir 2001). By failing to respond to plaintiffs' Complaint, defendant admits all of the well-pleaded allegations of the Complaint relating to liability. Plaintiffs have alleged that they are the owners of copyrights in the eight sound recordings listed in Exhibit A to the Complaint. Plaintiffs also allege that defendant has used "a [peer to peer] network to download and/or distribute to the public the Copyrighted Recordings." Complaint at 3. Moreover, plaintiffs have produced evidence indicating that their investigator, MediaSentry, Inc., was able to obtain a list of sound recordings offered by defendant to the public and that MediaSentry actually downloaded the eight sound recordings at issue. Plaintiffs' evidence, uncontradicted by virtue of defendant's default, establishes the substantive merits of plaintiffs' claim that defendant distributed the Copyrighted Recordings to the public.

The Court also finds that there is a significant risk of prejudice to plaintiffs if their Motion is denied. Use of the internet to distribute copyrighted sound

recordings via file sharing has the potential to cause widespread damage to plaintiffs' rights. Ms. Gray may have infringed plaintiffs' rights in additional copyrighted recordings (beyond the eight at issue in the Complaint) and has not presented any basis for a belief that she has ceased participating in file sharing over a peer to peer network. Zavala Decl., at ¶3; Transcript of September 10, 2008 hearing. These contentions are unrebutted by Ms. Gray.

The evidence supports a finding that Ms. Gray is not a minor or otherwise incompetent and is not on active duty military service. Zavala Decl., at ¶15. Given Ms. Gray's knowledge of plaintiffs' claims and of these proceedings, her complete failure to appear, and the significant risk of prejudice to plaintiffs resulting from the alleged breach, the sufficiency of plaintiffs' complaint, and the apparent merit of plaintiffs' substantive claim, we RECOMMEND that the District Judge to whom this case is reassigned find that plaintiffs are entitled to judgment by default against Brittany Raquel Gray. See, F.R.C.P. 55(b); Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986).

## II. Specific Items of Relief Sought by Plaintiffs

### A. Statutory Damages under the Copyright Act

Plaintiffs may collect, at their election, either actual damages or statutory damages. 17 U.S.C. §504. Plaintiffs have elected to recover statutory damages. Motion at 4 and 7-8. The Copyright Act provides for statutory damages in an amount not less than $750.00 and not more than $30,000.00 per infringed work. 17 U.S.C. §504(c)(1). Plaintiffs seek the minimum statutory damages of $750.00 for each of the eight infringed works, i.e., $6,000.00.[1] Motion at 7-8.

---

[1] Plaintiffs allege that defendant's infringement was willful. Complaint at ¶19. Pursuant to 17 U.S.C. §504(c)(2), the Court may award statutory damages up to $150,000.00 where plaintiff has proven willfulness. Because plaintiffs seek only the minimum statutory damages, the Court need not consider the allegations of willfulness.

1  Plaintiffs have presented evidence, uncontradicted by virtue of defendant's
2  default, that would support a finding that defendant has infringed plaintiffs' rights
3  in eight copyrighted works.  Complaint at 2-4 and Ex. A; Zavala Decl., at ¶5.
4  Accordingly, we RECOMMEND that the District Judge to whom this case is
5  reassigned enter a judgment for plaintiffs and against defendant Brittany Gray that
6  includes statutory damages totaling $6,000.00 (six thousand dollars).

**B.   Costs**

The Copyright Act confers in the Court discretion to award a prevailing plaintiff its costs including reasonable attorneys' fees.  17 U.S.C. §505.  Plaintiffs ask the Court to reimburse their costs in the amount $420.00, reflecting the Court's filing fee and the cost of obtaining personal service of the Summons and Complaint. Zavala Decl., at ¶16.  Plaintiffs do not seek reimbursement of their attorneys' fees.

The items for which reimbursement is sought constitute taxable costs.  Civil L.R. 54-3(a).  We may take judicial notice of the Court's filing fee.  We also find, based on the Court's extensive experience with litigants' requests for reimbursement of costs, that the cost incurred to obtain personal service of the Summons and Complaint is commensurate with rates charged by process servers in the Bay Area.

Accordingly, we RECOMMEND that the District Judge to whom this case is reassigned enter a judgment in favor of plaintiffs and against defendant Brittany Gray that includes costs in the amount $420.00 (four hundred twenty dollars).

**C.   Request for Permanent Injunction**

Plaintiffs ask the Court to enter judgment enjoining defendant Brittany Gray from infringing plaintiffs' rights in current and future sound recordings and

5

compelling defendant to destroy all copies of sound recordings that she has downloaded without authorization. 17 U.S.C. §502(a) and §503. See also, Olan Mills, Inc., v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir. 1994) (courts enjoin infringement of future works where there has been history of continuing infringement and threat of future infringement remains).

Specifically, plaintiffs seek entry of the following injunction:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiff's Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody or control.

Complaint at 4.[2]

Courts determining whether to issue a permanent injunction consider the following equitable factors: "(1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay, Inc. v. MercExchange L.L.C., 547 U.S. 388 (2006) (claim for patent infringement).

---

[2] The text of the requested injunction set forth in plaintiffs' motion differs slightly from the version set forth in the Complaint. At the hearing on September 10, 2008, plaintiffs' counsel represented that the inconsistencies likely were unintentional and that the text set forth in the Complaint was satisfactory to plaintiffs. Transcript of September 10, 2008 hearing.

Plaintiffs have established liability by virtue of defendant's default.  In the case of file sharing over the internet damages are potentially widespread and substantial.  Moreover, damages for violation of these kinds of rights are inherently difficult to value.  While the magnitude of harm that internet file sharing potentially could create is great and difficult to quantify, the risk of harm to defendant that would be created by issuance of the injunction is small.  Ms. Gray will be required to pay a relatively modest amount to buy the music she wants.  Furthermore, the public interest in protecting copyrighted material in order to encourage artistic expression will be served.  Therefore, if plaintiffs have demonstrated a significant threat of future violations this Court will recommend that the injunction issue.[3]

Defendant has not appeared in this action.  Although she responded to plaintiffs' early efforts to contact her and apparently agreed to settle plaintiffs' action, Ms. Gray never executed the settlement documents.  Her refusal to execute the settlement documents supports a concern that she might well intend to ignore plaintiffs' requests that she cease violating their rights.  Accordingly, neither plaintiffs nor the Court can have any assurance that Ms. Gray will cease her infringing behavior.  In addition, the Court has been given no reason to conclude that defendant has uninstalled from her computer the software that permits her to file share sound recordings via the internet.  Given all of these factors, the Court concludes that plaintiffs have demonstrated a significant risk that defendant will continue to violate the copyright laws by the unauthorized file sharing of plaintiff's sound recordings over the internet.

---

[3] See, cases pre-dating eBay: MAI Systems Corp., v. Peak Computers, 991 F.2d 511, 520 (9th Cir. 1993) (Courts will grant a request for a permanent injunction under the Copyright Act where there has been a showing of liability and a threat of future violations.); Sega Ent. Ltd., v. MAPHIA, et al, 948 F.Supp. 923, 940 (N.D.Cal. 1996) (same).

We RECOMMEND that the District Judge enter the injunction set forth above and in the Compliant at 4:13-21.

### III. Conclusion

The court ORDERS the Clerk of the Court to randomly reassign this action to a District Judge.

A copy of this court's Proposed Judgment is attached hereto.

We RECOMMEND that the District Judge to whom the Clerk reassigns this matter enter judgment in favor of plaintiffs and against defendant Brittany Raquel Gray for statutory damages and costs in the total amount of $6,420.00 (six thousand four hundred twenty dollars).

We also RECOMMEND that the District Court enter the following injunction:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiff's Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody or control.

**The Court ORDERS plaintiffs to promptly serve a copy of this Report and Recommendation on Brittany Raquel Gray.**

IT IS SO REPORTED AND RECOMMENDED.

Dated: September 15, 2008

_____
WAYNE D. BRAZIL
United States Magistrate Judge

Copies to: Plaintiffs with instructions to serve defendant, WDB, stats, Clerk.